IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

"JENNY" et al.,

    Plaintiffs,

v.                                          Case No. 23-cv-00474-JDR-SH

JEFFREY RAHN REETZ,

    Defendant.

### OPINION AND ORDER

Before the Court is Plaintiffs' motion, seeking to proceed under the pseudonyms listed below. Plaintiffs have shown that, due to the highly sensitive and personal nature of this case, exceptional circumstances warrant the need for Plaintiffs to proceed pseudonymously and outweigh others' interest in knowing their true identities. The motion will be granted.

### *Background*

Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," "Sarah," "Henley," "Maureen," "Violet," "Pia," and "Mya" are all victims of child pornography, while Plaintiffs "Jane Doe," as conservator for "Savannah," a protected person, and "Skylar," a minor; and "John Doe," as conservator for "Sally," a minor, are conservators for victims of child pornography. (ECF No. 8 at 2-6.) According to Plaintiffs' complaint, on April 9, 2021, Defendant Jeffrey Rahn Reetz pled guilty to possession of child pornography in violation of federal law and was subsequently sentenced. (ECF No. 2 ¶ 46.) Plaintiffs allege that analysts at the National Center for Missing and Exploited Children ("NCMEC") matched the child pornography on Defendant's computer to the child pornography images of Plaintiffs contained in the NCMEC database. (*Id.* ¶ 49.)

Plaintiffs have brought this lawsuit under 18 U.S.C. § 2255(a), which allows victims of certain enumerated crimes, including child pornography crimes, to recover damages and other relief.

### *Legal Standard*

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). The Federal Rules of Civil Procedure "make no provision for suits by persons using fictious names" or by "anonymous plaintiffs." *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). However, the Tenth Circuit has recognized certain "exceptional circumstances" when "the need for anonymity outweighs the presumption in favor of open court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (unpublished)[1] (citing *Femedeer*, 227 F.3d at 1246).

These exceptional circumstances include matters involving a "highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). In determining whether to allow a plaintiff to proceed anonymously, however, the court also weighs the public's interest in access to court proceedings. *Id.* "If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001); *but cf. Casseaopeia v. Brown*, No. 22-cv-00251, 2022 WL 1606520, at *3 (D. Utah May 20, 2022) (noting the plaintiffs' argument that a § 2255 defendant is limited to addressing damages under 18 U.S.C. § 3664(l) and "[p]laintiffs' legal names would not assist his defense"); *Lily v. Little*, No. 23cv2283, 2023 WL 9007204, at *2 (S.D. Cal. Dec. 28, 2023) (noting the only issues in an 18 U.S.C. § 2255(a) action are "victimhood and damages," and plaintiff's legal name "has no bearing on those issues").

## *Analysis*

The Court finds exceptional circumstances warrant the need for Plaintiffs to proceed pseudonymously. Plaintiffs in this case are all victims or conservators of victims who have been subjected to child sexual abuse that was photographically or digitally recorded. Those materials were then distributed on the internet, where they allegedly remain in circulation today. (*See* ECF No. 8 at 2 ("Counsel for each of the Plaintiffs continue to receive notices from the FBI and various United States Attorney offices around the country that the images of the Plaintiffs are still traded on the internet.").) Other courts within this circuit have found lawsuits related to child sexual abuse are of such a "highly sensitive and personal nature" that they justify the need for plaintiffs to proceed anonymously. *See, e.g., Casseaopeia*, 2022 WL 1606520, at *2 (finding plaintiffs, who were victims of child pornography, could proceed pseudonymously in their lawsuit to recover damages). This remains true even when the victims reach the age of majority or are represented by conservators, "whose identities could expose the victim's identity."[2] *Id.* (citing *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-cv-2801, 2017 WL

---

[2] The two conservators in this case are the adoptive parents of the victims they represent. (ECF No. 8-2 ¶ 18.)

3839416 (D. Kan. Sept. 1, 2017) (protections after age of majority), and *M. T. v. Olathe Pub. Schs. USD 233*, No. 17-2710, 2018 WL 806210 (D. Kan. Feb. 9, 2018) (protections for conservators)).

Further, Plaintiffs' privacy interests outweigh the public's interest in accessing court proceedings. Plaintiffs collectively state they suffer from myriad psychological issues from their abuse and its dissemination, including hyper-vigilance, paranoia, fear, anxiety, and depression. (ECF No. 8 at 3, 5, 6; ECF No. 8-1 ¶ 5; ECF No. 8-2 ¶¶ 9-11, 17; ECF No. 8-3 ¶¶ 6-8.) Plaintiffs fear that if their names become public, child pornography consumers will attempt to contact them or sexually assault them. (ECF No. 8-2 at ¶ 9; ECF No. 8-3 ¶ 6.) Plaintiffs' fears are not speculative. Plaintiffs' counsel represents that their images are still being traded online (ECF No. 8 at 2), and there is evidence that online pornography consumers discuss or inquire about certain Plaintiffs' potential locations, appearance, careers, or daily life activities (ECF No. 8-2 ¶¶ 6, 15-16). Further, one Plaintiff, "Lily," was the victim in an online stalking case.[3] (ECF No. 8-2 ¶ 5; ECF No. 8-4.) These examples are demonstrative of the type of harassment Plaintiffs could face were the Court to deny their motion. Thus, the Court finds the "highly sensitive and

---

[3] The Court acknowledges counsel's representation that "Lily" had previously spoken publicly about her abuse (ECF No. 8 at 5) and is cognizant of the Tenth Circuit's caution that "where the sensitive information has already been disclosed during a party's prior litigation under [the party's] real name, the social interest in allowing a party to proceed anonymously is limited," *Raiser*, 182 F. App'x at 811. However, even extending the Tenth Circuit's warning to include information that has been previously publicly disclosed, there is no evidence before the Court that Lily's true identity is publicly known, particularly as it relates to the child sexual abuse material currently before this Court. And, Lily has provided concrete examples of prior stalking and contact by apparent pedophiles that counsels against any further exposure of her identity in this particular case as to this particular set of material. (ECF No. 8-2 ¶ 5.)

personal nature" of Plaintiffs' case warrants allowing Plaintiffs to proceed pseudonymously and outweighs the public's interest in learning their identities.

On January 30, 2024, Defendant, appearing *pro se*, stated he was willing to stipulate to Plaintiffs' use of pseudonyms, as long as it did not affect his ability "to mount a reasonable defense." (ECF No. 15 at 1-2.) Defendant has made no showing of prejudice through Plaintiffs' use of pseudonyms, and the Court finds none. *See, e.g., Lily*, 2023 WL 9007204, at *2 (finding defendant will not suffer prejudice, because a plaintiff's legal name "has no bearing" in a § 2255(a) action).

Plaintiffs' motion presupposes that Defendant will not have access to their true identities should they be allowed to proceed pseudonymously. (*E.g.,* ECF No. 8 at 10-11 (noting the lack of prejudice to Defendant in not knowing Plaintiffs' names).) However, Plaintiffs have not directly addressed Tenth Circuit precedent noting the common requirement that "the real names of the plaintiffs be disclosed to the defense," *W.N.J.*, 257 F.3d at 1172, or the practices of various district courts in requiring the true names be filed under seal, *e.g., Casseaopeia*, 2022 WL 1606520, at *3, and/or disclosed to the opposing party, *Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 WL 4560820, at *4-5 (N.D. Okla. July 17, 2023). Defendant also fails to address this issue directly in his latest filing. (ECF No. 15.) The Court, therefore, will allow the parties to address this issue, as well as any other protections they believe are necessary, before requiring Plaintiffs to reveal their true identities under seal.

IT IS THEREFORE ORDERED that *Plaintiffs' Motion to Proceed with Pseudonyms* (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall file a notice under seal disclosing their legal names on the record. Prior to filing this notice, Plaintiffs may seek entry of an

5

appropriate protective order governing Defendant's access to and use of the sealed material (if any).  The sealed notice or a motion for protective order shall be filed within 14 days of this Opinion and Order.  If a motion for protective order is filed, Plaintiff need not file the sealed notice until 14 days after resolution of that motion.

ORDERED this 8th day of February, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT