UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| "JENNY", "JANE", "FIONA", "ERIN", "AMY", "JESSICA", "ANNA", "TAYLOR", "LILY", "SARAH", "HENLEY", "JANE DOE" as conservator for "SAVANNAH" a protected person, and for "SKYLAR" a minor, "JOHN DOE" as conservator for "SALLY", a minor, "MAUREEN", "VIOLET", "PIA", and "MYA",<br><br>                    Plaintiffs,<br>v.<br><br>JEFFREY RAHN REETZ,<br><br>                    Defendant. | Case No. 4:23-cv-00474-JDR-SH |

## PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiffs Jenny, Jane, Fiona, Erin, Amy, Jessica, Anna, Taylor, Lily, Sarah, Henley, Jane Doe as conservator for Savannah a protected person, and for Skylar a minor, John Doe as conservator for Sally, a minor, Maureen, Violet, Pia, and Mya, through their attorneys of record Laurie Koller of Koller Trial Law and Cori J. Iacopelli of Marsh Law Firm PLLC, hereby file this Response Brief in Opposition to Defendant Jeffrey Rahn Reetz's ("Defendant") Motion to Dismiss Plaintiff's Complaint.

A Motion to Dismiss filed at the outset of litigation is typically used by a defendant to test the pleadings, to determine whether the Plaintiff(s) have adequately stated a claim, or otherwise run afoul of the proscriptions in F.R.C.P. Rule 12(b). As argued below, the Court thus accepts the allegations in the Complaint as true for purposes of ruling on such a motion.

1

Here, Defendant Reetz alleges and argues facts with the intent of disputing his criminal conviction which serves as the predicate for the Complaint herein. Defendant fails to assert a basis upon which to seek dismissal under F.R.C.P. Rule 12(b)(1)-(7), he fails to advise the Court of critical facts, and he fails to state or develop an argument to support his position that Plaintiffs' Complaint should be dismissed. [Dkt. 15]. Given the nature of Defendant's submission and the lack of substance of Defendant's arguments, the lack of an assertion of a defense under F.R.C.P. Rule 12, it is most appropriate to treat Defendant's Motion to Dismiss as one for "failure to state a claim upon which relief can be granted" under F.R.C.P. Rule 12(b)(6). Plaintiffs proceed accordingly.

Plaintiffs filed their Complaint for Damages under 18 U.S.C. § 2255(a) and Demand for Jury Trial ("Complaint") on November 6, 2023, alleging federal claims under Section 2255 of Title 18 (otherwise known as "Masha's Law"), which is the civil remedy provision of the federal child pornography statute. Plaintiffs' Complaint alleges sufficient facts to state a claim on its face. Accordingly, Defendant's Motion to Dismiss must be denied.

## II. FACTUAL BACKGROUND

On November 6, 2023, Plaintiffs filed this action under 18 U.S.C.2255, seeking damages for the personal injuries they have suffered as a result of Defendant's criminal violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). [Dkt. 2]. Section 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who, while a minor, is a victim of a violation of 18 U.S.C. § 2252 or § 2252A and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. 18 U.S.C. 2255 (a).

Defendant pled guilty to, and was criminally convicted of, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Plaintiffs are victims of Defendant's criminal violation. [Dkt. 2, ¶¶ 45-50]. Specifically, Plaintiffs alleged that:

- Defendant was charged in the United States District Court, Northern District of Oklahoma, in the matter denominated United States v. Jeffrey Rahn Reetz, NDOK Case No. 4:20-cr-00031-GKF, with the crime of Possession of Child Pornography in Violation of 18 U.S.C. §2252(a)(4)(B) and (b)(2). This crime was alleged to have been committed in or about January 2017 to on or about January 23, 2020 [Dkt. 2, ¶ 45];

- On April 9, 2021, Defendant pleaded guilty to Possession of Child Pornography in Violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), as charged and was sentenced with a judgment entered against him on October 7, 2021 [Dkt. 2, ¶ 46];

- The Court, in its second amended judgment entered on December 15, 2021, ordered Defendant to pay restitution to Plaintiffs herein as victims of Defendant's crime [Dkt. 2, ¶ 47];

- Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies [Dkt. 2, ¶ 48];

- On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report [Dkt. 2, ¶ 49]; and

- On or about September 28, 2020, Plaintiffs first received notice from VNS that their child pornography images were among those involved in a prosecution for possession of child pornography brought be the Government against Defendant [Dkt. 2, ¶ 50].

On November 6, 2023, the Clerk of the Court issued a Summons as to Defendant. [Dkt. 6]. Defendant Reetz was properly personally served the issued Summons and Complaint [Dkt. 17].

In his motion, Defendant disclaims all liability by arguing facts that should more appropriately have been argued in his criminal case. This is not so. Defendant's arguments fail because Plaintiffs could not have raised civil claims in a criminal proceeding. Indeed, the differentiation between the remedies is clear. *See Doe v. Hesketh,* 828 F.3d 159 (3rd Cir. 2016).

[Dkt. 15, pp. 1-5]. Defendant fails to assert a basis upon which to seek dismissal pursuant to F.R.C.P. Rule 12. Defendant's motion fails to acknowledge that at this stage of the proceedings Plaintiffs' allegations must be accepted as true.

Moreover, Defendant has failed to file a brief in support of his motion as required by Local Rule 7-1(b). [Dkt. 15].

### III.  LEGAL STANDARD

"To survive a motion to dismiss, a plaintiff must plead facts sufficient to state a claim to relief that is plausible on its face." *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Diette v. Arcosa Wind Towers, Inc.*, No. 19-CV-0440-CVE-FHM, 2019 WL 4979852, at *2 (N.D. Okla. Oct. 8, 2019). In other words, the factual allegations within the complaint "must be enough to raise a right to relief above the speculative level." *Bourdeau v. Dewey Police Dep't*, No. 22-CV-0217-CVE-CDL, 2022 WL 17093071, at *1 (N.D. Okla. Nov. 21, 2022).

"At the motion-to-dismiss stage, [the Court] must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers*, 771 F.3d at 700; *Cressman v. Thompson*, 719 F.3d 1139, 1152 (10th Cir. 2013) (accepting plaintiff's allegations as true, "without any evidentiary development," and denying the motion to dismiss); *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1105 (10th Cir. 2017) ("[i]n ruling on a motion to dismiss for failure to state a claim…the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party"). In reviewing a motion to dismiss based on F.R.C.P. Rule 12(b)(6), the "Court's review of the parties'

arguments is limited to the facts alleged in the complaint, and the Court may not consider evidence outside the four corners of the complaint." *Bordeau*, 2022 WL 17093071, at *2.

A motion to dismiss ultimately "requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief." *Ayala v. Joy Mfg. Co.*, 877 F.2d 846, 847 (10th Cir. 1989). Dismissal of a plaintiff's claim at this early stage of litigation is a drastic remedy and the "Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim." *Id.*

## IV. LEGAL ARGUMENT

### A. Plaintiffs Have Alleged Sufficient Facts to State a Claim for Relief under 18 U.S.C. § 2255(a)

Section 2255 of Title 18 provides civil damages for victims of certain enumerated statutes prohibiting, amongst other things, the possession of child pornography (18 U.S.C. § 2252) – a criminal offense which Defendant pled guilty to.

To establish liability under Section 2255, victims of child pornography crimes must prove three elements: (1) identity, meaning that they are the children depicted in the child pornography; (2) possession, meaning that the child pornography depicting them was found in defendant's possession; and (3) sexual content, meaning that the images or videos found in defendant's possession depicts child pornography as provided by 18 U.S.C. § 2256(8), which includes sexually explicit conduct. *See "Amy" v. Curtis*, No. 19-CV-02184-PJH, 2021 WL 1391463, at *7 (N.D. Cal. Apr. 13, 2021).

Plaintiffs, here, have plausibly alleged facts to establish that they are entitled to civil remedies under Section 2255 for Defendant's criminal violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

1. **Plaintiffs sufficiently allege that Defendant's guilty plea and conviction of violation of 18 U.S.C. § 2252 establishes the predicate for liability under 18 U.S.C. § 2255**

Under Section 2255, liability is established where there has been a violation of one or more of the criminal offenses enumerated therein. 18 U.S.C. § 2255(a). One of the criminal offenses enumerated in Section 2255 is a violation of 18 U.S.C. § 2252, which includes possession of child pornography.

Here, Plaintiffs' Complaint more than sufficiently pleads the liability element under Section 2255. Plaintiffs allege that: Defendant was convicted in the United States District Court, Northern District of Oklahoma, in the matter entitled *United States v. Jeffrey Rahn Reetz*, NODK Case No.: 4:20-cr-00031-GKF, of the crime of Possession of Child Pornography in Violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). [Dkt. 2, ¶¶ 45-47]. The foregoing allegations sufficiently establish the first element of liability – that Defendant violated 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

2. **Plaintiffs sufficiently allege that they are victims of Defendant's violation of 18 U.S.C. § 2252**

To establish liability under Section 2255, victims of child pornography must also prove that they are the children depicted in the child pornography possessed by the defendant. Here, the criminal court, in its criminal judgment, ordered Defendant to pay restitution to Plaintiffs as victims of Defendant's crime. *See "Amy" v. Curtis*, No. 19-CV-02184-PJH, 2021 WL 1391463, at *7 (N.D. Cal. Apr. 13, 2021).

To prove identity, Plaintiffs may rely on testimony or affidavits from witnesses including law enforcement points of contact, criminal investigators, and their parents, and they may also rely

on their own self-identification and description of the child pornography, documents from the underlying criminal case, and opinions from legal experts. *Id.* at *7-12.

At this juncture, however, Plaintiffs need not prove their case nor introduce extrinsic evidence. *Bourdeau v. Dewey Police Dep't*, No. 22-CV-0217-CVE-CDL, 2022 WL 17093071, at *1 (N.D. Okla. Nov. 21, 2022) (stating that in determining a motion to dismiss under Rule 12(b)(6), the court must rely only on the four corners of the complaint). Whether Plaintiffs will prevail at trial is not an issue that is ripe for adjudication at this juncture on a motion to dismiss. Rather, Plaintiffs are required only to allege factual matter sufficient to state a claim for relief that is plausible on its face; and that is exactly what they have done. *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). [ See Complaint, Dkt. 2, ¶¶ 48-50].

Accepting Plaintiffs' factual allegations as true, as the Court must, Plaintiffs' Complaint adequately pleads factual detail raising their right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, Plaintiffs' Complaint pleads a plausible claim to relief under Section 2255. Thus, Defendant's Motion to Dismiss must be denied.

### B. Defendant Failed to File a Brief in Support of His Motion to Dismiss as Required by Local Rule 7-1(b)

Under Local Rule 7-1(b), "briefs must be filed in support of motions." LCvR7-1(b). Here, Defendant filed his Motion to Dismiss without a supporting brief in direct contravention of the Local Rules. [Dkt. 15]. In his motion, Defendant makes assertions without a basis in law or fact. Defendant asserts that he never possessed child pornography and that Plaintiffs are not victims of his crime because they are "utter strangers" to him. [Dkt. 15]. In doing so, Defendant essentially challenges the facts underlying Plaintiffs' allegations without any evidentiary support and without citing to any relevant rules or legal authority to support his position; and he ignores F.R.C.P. Rule

12, utterly failing to assert a proper basis for dismissal of Plaintiffs' Complaint. Without a supporting brief, it is simply impossible for Plaintiffs to fully respond to Defendant's motion.

## V. CONCLUSION

The Defendant's instant Motion to Dismiss is nothing more than an attempt to circumvent the liability imposed upon him under Section 2255. Simply put, Defendant violated 18 U.S.C. § 2252(a)(4)(B) and (b)(2), Plaintiffs were the victims of Defendant's criminal violation, and therefore, Defendant is civilly liable under Section 2255. A plain reading of Plaintiffs' Complaint clearly demonstrates that they have sufficiently pleaded a cause of action under Section 2255 sufficient to survive a motion to dismiss.

In light of the foregoing, Plaintiffs' respectfully request that this Court enter an Order Denying Defendant's Motion to Dismiss.

DATED this 20th day of February 2024.

KOLLER TRIAL LAW
By: /s/ Laurie Koller
Laurie Koller (OK Bar No.: 16857)
2504 E. 21ST Street, Suite B
Tulsa, Oklahoma 74114
Phone: (918) 216-9596
Email: laurie@kollertriallaw.com

Attorneys for Plaintiff

MARSH LAW FIRM PLLC
By: /s/ Cori J. Iacopelli
Cori J. Iacopelli
*Pro hac vice*
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: (212) 372-3030
Email: coriiacopelli@marsh.law

MARSH LAW FIRM, PLLC
By: /s/ James R. Marsh

        James R. Marsh
        *Pro hac vice*
        31 Hudson Yards, 11th Floor
        New York, New York 10001
        Phone: (212) 372-3030
        Email: jamesmarsh@marsh.law

        Attorneys for Plaintiffs Jenny, Jane, Fiona, Erin, Amy, Jessica, Anna and Taylor

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 20th day of February 2024, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered parties and via hard copy on all non-registered parties.

        /s/ Cori J. Iacopelli
        Cori J. Iacopelli