IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," "Sarah," "Henley," "Jane Doe" as conservator for "Savannah," a protected person, and for "Skylar," a minor, "John Doe," as conservator for "Sally," a minor, "Maureen," "Violet," "Pia," and "Mya," <br><br>   Plaintiffs, <br><br> vs. <br><br> Jeffrey Rahn Reetz, <br><br>   Defendant. | Case No.4:23-cv-00474-JDR-SH <br><br> **This Protective Order in no way diminishes counsel's obligation to comply with LCvR5.2.** |

### PROTECTIVE ORDER

Before the Court is Plaintiffs' Motion for Protective Order (ECF No. 23), which was filed pursuant to Fed. R. Civ. P. 26(c) on February 20, 2024. Pursuant to LCvR 37-2(e), Defendant's response was due by March 6, 2024. Defendant has not objected to the relief sought by Plaintiffs. There being no objection and for good cause shown, it is **HEREBY ORDERED THAT:**

Plaintiffs' Motion for a Protective Order is **GRANTED**, and further that Plaintiffs are relieved from disclosing their legal identities (or any information relating thereto) in this matter and depositions of Plaintiffs are forbidden.

Plaintiffs have informed and argued to the Court that their legal identities should remain confidential during all stages of litigation in this proceeding due to the irreparable harm they will endure if they must disclose their legal names to Defendant, who was criminally convicted of possessing child pornography depicting them.

It is hereby ORDERED that:

1. **Scope**

    a.  This Order shall govern all documents, the information contained therein,

and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Supplying Party") to any other party, including any non-party, (the "Receiving Party"), when same is designated with the procedures set forth herein. This Order is binding upon the parties to the Proceeding, including their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

b. Under this Order, any Supplying Party shall have the right to identify and designate as "Highly Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by that Supplying Party, and by the Supplying Party's counsel, to constitute, reflect or disclose Plaintiffs' legal identities or location and/or information that may lead to the disclosure of Plaintiffs' legal identities or location under Rule 26(c) of the Federal Rules of Civil Procedure ("Designated Material").

c. "Highly Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Highly Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

d. All documents and information described in Paragraph (1)(c) containing Highly Confidential Information shall not be furnished to Defendant in this Proceeding. Plaintiffs shall be referenced under their respective pseudonyms in this litigation to avoid any disclosure, or risk thereof, of their legal identities or location (designated as Highly

Confidential Information). The Supplying Party shall take all reasonable efforts to provide Defendant with redacted versions of the documents containing Highly Confidential Information that obscures the protected information while allowing Defendant—to the extent possible—access to the pertinent, non-confidential information.

  e. A party may designate as "Highly Confidential" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 1(c) and (d).

  f. All documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as "Highly Confidential."

**2. Designation of Confidentiality**

Documents or information may be designated HIGHLY CONFIDENTIAL within the meaning of this Order in the following ways:

  a. Specific documents produced by a Supplying Party shall, if appropriate, be designated as "Highly Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential or Highly Confidential information with the legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

  b. In the case of interrogatory answers and responses to requests for admissions, Plaintiffs shall be referenced by their respective pseudonyms to avoid the disclosure, or the risk of disclosure, of their legal identities (designated as Highly Confidential Information), and if appropriate, designation of "HIGHLY CONFIDENTIAL" information shall be made by means of a statement in the answers or responses specifying that the

answers or responses or specific parts thereof are designated "HIGHLY CONFIDENTIAL."

    c.    In the case of depositions of experts or witnesses and the information contained in depositions (including exhibits), Plaintiffs will be referenced at all times by their respective pseudonyms as their legal identities/names are designated "HIGHLY CONFIDENTIAL" by virtue of this order.

    d.    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matter as "HIGHLY CONFIDENTIAL" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 2(a) above and such matter shall not be disclosed in this Proceeding.

    e.    To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated HIGHLY CONFIDENTIAL, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted, by the terms of this Order, and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

    f.    The filing of any documents and materials with the Court containing or reflecting the contents of Highly Confidential Information shall be governed by LCvR 5.2-2. NO SEALED FILINGS SHALL BE MADE PRIOR TO: (1) THE FILING OF A MOTION PURSUANT TO LCvR 5.2-2, AND (2) AN ORDER GRANTING SUCH MOTION. The LCvR 5.2-2 motion shall be filed at least two full business days prior to the date on which

the proposed sealed filing is to be made. If the LCvR 5.2-2 motion is granted, and to the extent not inconsistent with rule 5.2-2, such documents and materials shall be labeled "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO COURT ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. Any document or material filed under seal shall be **viewed by the Court only**. Defendant will not have viewing privileges and/or access to any document filed by Plaintiffs, or a non-party, that contains Highly Confidential Information. Only those portions of such documents and materials containing or reflecting Highly Confidential Information shall be considered Highly Confidential and may be disclosed only in accordance with this Order. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Highly Confidential under seal. No party or other person (including Defendant) may have access to any sealed document from the files of the Court. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Highly Confidential Information contained or reflected in the document was so designated solely by that party.

    g.    Documents filed under seal may not be unsealed due to the highly sensitive and personal nature of this Proceeding, absent further order of the Court.

## 3. Use of Highly Confidential Information

Highly Confidential Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, ***"Jenny," et al. v. Jeffrey Rahn Reetz*, Case No.: 4:23-cv-00474-JDR-SH**, which case is pending in the United States District Court for the Northern District of Oklahoma, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

4. **<u>Disclosure of Highly Confidential Information</u>**

    a.    The parties are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "HIGHLY CONFIDENTIAL" pursuant to this Order.

    b.    Subject to Paragraph 5 below, access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to the following:

        i.    Plaintiffs, including their counsel, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

        ii.    Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for Plaintiffs in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.

        iii.    This Court (including necessary clerical personnel), to the extent that such Highly Confidential Information is provided to the Court under seal, for the purposes of this litigation; and

        iv.    Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the

disclosure is necessary. If the Supplying Party does not agree to allow the disclosure, the Highly Confidential Information shall not be disclosed.

5. **Notification of Protective Order**

Highly Confidential Information shall not be disclosed to a person described in paragraphs 4(b)(ii) or 4(b)(iv) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for Plaintiffs until the final resolution of this litigation, and shall not be subject to discovery. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, Highly Confidential Information shall not be disclosed under any circumstances. A copy of this Protective Order shall be provided to the deponent.

6. **Highly Confidential Information at Trial**

The rules and procedures governing the use of Highly Confidential Information at trial shall be determined by the Court at the final pretrial conference.

7. **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Highly Confidential Information other than on the basis that it has been designated Highly Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

**8.     Inadvertent or Unintentional Disclosure**

A Supplying Party that inadvertently fails to designate discovery material as "Highly Confidential" or mis-designates discovery material as "Highly Confidential" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Supplying Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

**9.     Other Provisions**

a.     Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

IT IS ORDERED this 7th day of March, 2024.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," "Sarah," "Henley," "Jane Doe" as conservator for "Savannah," a protected person, and for "Skylar," a minor, "John Doe," as conservator for "Sally," a minor, "Maureen," "Violet," "Pia," and "Mya,"<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Jeffrey Rahn Reetz,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No.4:23-cv-00474-JDR-SH<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATION

1.　My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.　I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.　I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20_____.

　　　　　　　　　　　　　　　　　　by_____
　　　　　　　　　　　　　　　　　　　　(signature).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," "Sarah," "Henley," "Jane Doe" as conservator for "Savannah," a protected person, and for "Skylar," a minor, "John Doe," as conservator for "Sally," a minor, "Maureen," "Violet," "Pia," and "Mya," <br><br> Plaintiffs, <br><br> vs. <br><br> Jeffrey Rahn Reetz, <br><br> Defendant. | Case No.4:23-cv-00474-JDR-SH |

### NOTICE TO DEPOSITION WITNESSES

You will not be shown any documents containing information which have been designated as "Highly Confidential" pursuant to an Order of this Court. You may not testify to any "Highly Confidential Information" or to any information which may reasonably lead to the disclosure of "Highly Confidential Information." You must identify Plaintiffs by their respective pseudonyms only during your testimony. The disclosure of any "Highly Confidential Information" may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.