**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| "JENNY", "JANE", "FIONA", "ERIN", "AMY", "JESSICA", "ANNA", "TAYLOR", "LILY", "SARAH", "HENLEY", "JANE DOE" as conservator for "SAVANNAH" a protected person, and for "SKYLAR" a minor, "JOHN DOE" as conservator for "SALLY", a minor, "MAUREEN", "VIOLET", "PIA", and "MYA",<br><br>Plaintiffs,<br>v.<br><br>JEFFREY RAHN REETZ,<br><br>Defendant. | Case No. 4:23-cv-00474-JDR-SH |

**PLAINTIFFS "JENNY," "JANE," "FIONA," "ERIN," "AMY," "JESSICA," "ANNA," "TAYLOR," "LILY," AND "VIOLET'S" OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO F.R.C.P. RULE 41(a)(2)**

### I.   INTRODUCTION

Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" each bring this motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, seeking an order dismissing this action without prejudice. For the reasons set forth herein, dismissal is proper.

### II.   BASIS FOR DISMISSAL

Plaintiffs commenced this action on November 6, 2023, and immediately filed a motion to proceed under pseudonym on November 9, 2023. [Dkt. 1-2, 8]. On January 30, 2024, Defendant filed a motion to dismiss Plaintiffs' complaint. [Dkt. 15]. On February 8, 2024, this Court granted Plaintiffs' motion to proceed under pseudonym, finding that "the highly sensitive and personal

1

nature of Plaintiffs' case warrants allowing Plaintiffs to proceed pseudonymously and outweighs the public's interest in learning their identities." [Dkt. 21]. In the same Order, this Court directed Plaintiffs to "file a notice under seal disclosing [Plaintiffs'] legal names on the record. Prior to filing this notice, Plaintiff may seek entry of an appropriate protective order governing Defendant's access to and use of the sealed material (if any)." [Dkt. 21]. On February 20, 2024, Plaintiffs opposed Defendant's motion to dismiss and filed a motion for a protective order preventing the disclosure of Plaintiff's legal identities and locations (or any information relating thereto) and forbidding depositions of Plaintiffs. [Dkt. 22-23]. Defendant did not file a reply on his motion to dismiss and that motion is still pending. On March 7, 2024, this Court granted Plaintiffs' motion for a protective order, but not did eliminate its prior Order directing Plaintiffs to disclose their legal names on the record under seal. [Dkt. 24]. This is the first time that the Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" have been required to disclose their legal names on the public record in *any* civil proceeding, but rather only on an Attorney's Eyes Only basis. [Dkt. 8-1, 8-2, 8-3]. Here, these Plaintiffs each fear that the Defendant may file a subsequent motion or that some other party may take legal action in an attempt to unseal the documents revealing their legal identities.

This Court's finding that this action is "highly sensitive and personal [in] nature" warranting all Plaintiffs to proceed under pseudonym is highly protective of the Plaintiffs' identity in the limited context of the current contemporaneous proceedings. Case law in other jurisdictions, however, have complicated considerations concerning the Plaintiffs' identity in the much broader context of this litigation. For example, in *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019), the Second Circuit held that:

> it is well-settled that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which

2

a strong presumption of access attaches, under both the common law and the First Amendment." In light of this strong First Amendment presumption, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.

In accordance with this holding, the district court then entered an order conducting,

an individualized review of each Sealed Item in the List of Decided Motions to determine (a) the weight of presumption of public access that should be afforded to the document, (b) the identification and weight of any countervailing interests supporting continued sealing/redaction, and (c) whether the countervailing interests rebut the presumption of public access.

*Giuffre v. Maxwell*, No. 15-CV-07433-LAP, 2020 WL 1547377, at *1 (S.D.N.Y. Mar. 31, 2020).

Although the Second Circuit's original unsealing determination in *Brown v. Maxwell* addressed non-parties, the parties' sealed information was eventually also ordered unsealed. *Giuffre v. Maxwell*, 2020 WL 1547377 at *1, *adhered to*, No. 15 CIV. 7433 (LAP), 2020 WL 4370961 (S.D.N.Y. July 30, 2020) (parties' previously sealed transcripts and court submissions excerpting from, quoting from, or summarizing the contents of the transcripts, ordered unsealed).

Litigation in the *Maxwell* case also eventually extended to challenges over limitations in the courts protective order (*Giuffre v. Dershowitz*, No. 19 CIV 3377(LAP), 2021 WL 6052116, at *2 (S.D.N.Y. Dec. 21, 2021) (party's requests to clarify the Protective Order denied)), privileged information (*Giuffre v. Dershowitz*, No. 19 CIV 3377(LAP), 2022 WL 1471032 (S.D.N.Y. May 10, 2022) (court orders that unprivileged documents shall be produced forthwith)), press access to sealed documents (*Giuffre v. Maxwell*, No. 15 CIV. 7433 (LAP), 2022 WL 3213576, at *2 (S.D.N.Y. Aug. 9, 2022), *aff'd sub nom*, *TGP Commc'ns, LLC v. Doe*, No. 22-1836, 2023 WL 4230020 (2d Cir. June 28, 2023) (press intervention to release submissions filed under seal in a highly publicized case denied because it would unduly delay the adjudication of the rights of the original parties with respect to the protective order)), the privacy interests of non-parties (*Giuffre*

*v. Maxwell*, No. 15 CIV. 7433 (LAP), 2022 WL 17581554, at *4 (S.D.N.Y. Dec. 11, 2022) (court weighed the privacy interests advanced by non-party against the public interest in access to judicial documents and held that the privacy interests did not outweigh the presumption of public access)), and the risk of death from unsealing a non-party's identity (*Doe 107 v. Giuffre*, No. 22-3042, 2023 WL 4926195, at *1 (2d Cir. Aug. 2, 2023) (Doe 107 argues that the district court abused its discretion by "ignor[ing]" her assertion that identifying her "could place her in mortal danger in her culturally conservative home country," in which " 'honor' killings are a real risk," and "instead concluding [that] she ... offered no more than generalized concerns of adverse publicity.")). *See contra Giuffre v. Maxwell*, No. 15 CIV. 7433 (LAP), 2024 WL 68373, at *1 (S.D.N.Y. Jan. 5, 2024) (unsealing document poses a danger to the privacy interests of the parties whose identities the court has declined to unseal, even if those Does' names were redacted in an unsealed version of the document).

As demonstrated by the foregoing litigation, material that might be sealed presently might become public in the future with no guarantee that such material can be prevented from being forever revealed. Thus, here, once Plaintiffs' "legal names are on the record" they can never be taken back and there is no guarantee that the public, including Defendant himself, will not ever gain access to this highly confidential information under any circumstances. This unfortunate lack of complete reassurance that Plaintiff's highly sensitive identities can be completely protected from disclosure without recourse concerns the Plaintiffs here.

Accordingly, Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" seek dismissal without prejudice pursuant to Rule 41(a)(2) to avoid the dangers and risks posed by such disclosure on any public docket, particularly given that the Defendant appears *pro se* in this matter. Furthermore, the remaining Plaintiffs, "Sarah," "Henley,"

4

"Jane Doe" as conservator for "Savannah" a protected person, and as conservator for "Skylar" a minor, "John Doe" as conservator for "Sally," "Maureen," "Pia," and "Mya," do not request withdrawal of their claims and will file documents disclosing their legal names to the Court under seal concurrent with this motion.

### III. DEFENDANT WILL NOT BE PREJUDICED BY DISMISSAL

Under Rule 41(a)(2), voluntary dismissals "should normally be granted, provided there is no legal prejudice to defendants." *Ray v. Riverport Apartments, LLC*, No. 19-CV-195-TCK-JFJ, 2020 WL 4677301 at *1 (N.D. Okla. Aug. 12, 2020), *citing Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). To determine whether there is legal prejudice, courts will consider the following four factors: (1) "the opposing party's effort and expense in preparing for trial;" (2) "excessive delay and lack of diligence on the part of the movant;" (3) "insufficient explanation of the need for dismissal;" and (4) "the present stage of litigation." *Ray v. Riverport Apartments, LLC*, 2020 WL 4677301, at *2 ("[p]rejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice"); *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). "In determining legal prejudice, only factors involving the parties are relevant, not the court's time or effort." *Ray v. Riverport Apartments, LLC*, 2020 WL 4677301, at *2.

Here, an analysis of at least four factors weigh in Plaintiffs favor and support that this action should be dismissed without prejudice. *First*, Defendant has expended no effort or expense for trial against the withdrawing Plaintiffs because this case has not even reached the discovery phase. Defendant filed a motion to dismiss Plaintiffs' complaint and Plaintiffs timely opposed that motion. No reply has been filed by the Defendant and that motion is currently still pending. Furthermore, any efforts Defendant did extend remain applicable as to the non-withdrawing

Plaintiffs "Sarah," "Henley," "Jane Doe" as conservator for "Savannah" a protected person, and as conservator for "Skylar" a minor, "John Doe" as conservator for "Sally," "Maureen," "Pia," and "Mya." As Defendant has not expended any effort or expense with respect to discovery, he certainly has not done so in the preparation of trial, and the withdrawing Plaintiffs should be permitted to do so without prejudice. *Bray v. Portfolio Recovery Assocs., LLC,* No. 18-CV-0294-CVE-JFJ, 2018 WL 6517444, at *1 (N.D. Okla. Dec. 11, 2018) (finding that defendant did "not incur significant expense in preparing for trial" where "no depositions had occurred, no subpoenas had been issued, no documents produced to either side, and no discovery requests had been served on defendant").

*Second*, Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" have not caused any delayed or lacked diligence in the prosecution of this action. Since the commencement of this action, Plaintiffs have timely served Defendant and timely filed and opposed all motions. On the other hand, it is Defendant who frivolously filed a vague motion to dismiss, failing to assert any basis upon which to seek dismissal under F.R.C.P. Rule 12(b)(1)-(7) and failing to file a brief in support of his motion as required by Local Rule 7-1(b). Now, before the Defendant has even answered, before discovery commences and before a summary judgment motion has been made, Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet"move to dismiss without prejudice, demonstrating they have not unduly delayed in making this motion. *Bray v. Portfolio Recovery Assocs., LLC,* 2018 WL 6517444, at *1 (N.D. Okla. Dec. 11, 2018) (finding that plaintiff did not cause delay or lack diligence where she made her motion to dismiss as soon as the case "demanded an increased amount of plaintiff's time and resources" and therefore, it served as evidence that "she did not delay unduly before seeking dismissal"). So too, Plaintiffs "Sarah," "Henley," "Jane

Doe" as conservator for "Savannah" a protected person, and as conservator for "Skylar" a minor, "John Doe" as conservator for "Sally," "Maureen," "Pia," and "Mya," are not requesting withdrawal of their claims against the Defendant in this action.

*Third*, Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" have sufficiently stated the basis for dismissal herein. As set forth in Section II, *supra*, Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" seek dismissal without prejudice to avoid the dangers and risks posed by disclosing their legal names under seal on the record in this matter. *Id.* at *1 (plaintiff's basis for dismissal was sufficient where she sought to end litigation due to "time and stress" involved in prosecuting a federal lawsuit).

*Finally*, this matter is at its earliest stage of litigation. Defendant has not filed an answer, no motion for summary judgment has been made, and discovery has not commenced. Defendant has not extended any more effort to defend Plaintiffs' "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet's" claims than would already be necessary to defendant the actions against him by the remaining Plaintiffs, "Sarah," "Henley," "Jane Doe" as conservator for "Savannah" a protected person, and as conservator for "Skylar" a minor, "John Doe" as conservator for "Sally," "Maureen," "Pia," and "Mya." Judicial economy is served best by dismissing "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet's" claims against the Defendant without prejudice because any further litigation proceeds. *Id.* at *1 (granting plaintiff's motion to dismiss because, in part, the case was not at an "advanced stage" of litigation since "discovery has not been completed"). Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" do not feel safe, at this time, disclosing their legal names on the record even under seal given their fears concerning any

potential request by any person for documents revealing their legal identities to be unsealed at a later date and their request to withdraw without prejudice does not prejudice the Defendant.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs "Jenny," "Jane," "Fiona," "Erin," "Amy," "Jessica," "Anna," "Taylor," "Lily," and "Violet" respectfully request that the Court grant this motion and issue an order dismissing their claims against Defendant Reetz without prejudice, as well as entering an order recaptioning the case to reflect the names of the non-withdrawing Plaintiffs "Sarah," "Henley," "Jane Doe" as conservator for "Savannah" a protected person, and as conservator for "Skylar" a minor, "John Doe" as conservator for "Sally," "Maureen," "Pia," and "Mya."

DATED this 18th day of April 2024.

    KOLLER TRIAL LAW
    By: /s/ Laurie Koller
    Laurie Koller (OK Bar No.: 16857)
    2504 E. 21ST Street, Suite B
    Tulsa, Oklahoma 74114
    Phone: (918) 216-9596
    Email: laurie@kollertriallaw.com

    *Attorneys for Plaintiffs*

    MARSH LAW FIRM PLLC
    By: */s/ Cori J. Iacopelli*
    Cori J. Iacopelli
    *Pro hac vice*
    31 Hudson Yards, 11th Floor
    New York, New York 10001
    Phone: (212) 372-3030
    Email: coriiacopelli@marsh.law

    MARSH LAW FIRM, PLLC
    James R. Marsh
    *Pro hac vice*
    31 Hudson Yards, 11th Floor
    New York, New York 10001

Phone: (212) 372-3030  
Email: jamesmarsh@marsh.law

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this the 18th day of April 2024, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered parties via hard copy on all non-registered parties.

/s/ Cori J. Iacopelli
Cori J. Iacopelli