# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-474-JDR-SH

SARAH, *et al.*,

*Plaintiffs*,

versus

JEFFREY RAHN REETZ,

*Defendant*.

## ORDER

Plaintiffs[1] are the minor victims of crimes committed by Defendant Jeffrey Rahn Reetz. They brought this action under 18 U.S.C. § 2255, which allows minor victims of certain sex crimes to recover damages for personal injuries caused by these crimes. Dkt. 2.[2] Mr. Reetz, appearing pro se, moves to dismiss the action.[3] Dkt. 15. The motion is denied.

The allegations of the complaint, which the Court accepts as true for purposes of Mr. Reetz's motion,[4] are as follows: In 2021 Mr. Reetz pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Dkt. 2 at 5 (¶ 46). The National Center for Missing

---

[1] The claims of 10 other plaintiffs have been dismissed without prejudice. Dkt. 29. The Court granted the remaining plaintiffs leave to proceed using pseudonyms. Dkt. 21.

[2] All citations utilize CMECF pagination.

[3] The Court construes Mr. Reetz's filing liberally and interprets it as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[4] *See McNellis v. Douglas Cty. Sch. Dist.*, 116 F.4th 1122, 1130 (10th Cir. 2024).

No. 23-cv-474

and Exploited Children determined that the plaintiffs were depicted in the images found on Mr. Reetz's computer. *Id.* at 6 (¶ 49). As part of his sentence, the Court ordered Mr. Reetz to pay restitution to the plaintiffs. *Id.* at 5 (¶ 47).

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a motion to dismiss, a court must accept all well-pleaded allegations in the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. The court will "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Mr. Reetz denies that he ever possessed child pornography and argues that plaintiffs' claims should be dismissed on that basis. Dkt. 15 at 2-4. This argument is not appropriate for a motion to dismiss because the Court is required to accept as true the complaint's well-pleaded factual allegations. Under 18 U.S.C. § 2255, "[a]ny person who, while a minor, was a victim of a violation of section … 2252 … who suffers personal injury as a result of such violation … may sue in any appropriate United States District Court …." The plaintiffs have sufficiently alleged that Mr. Reetz violated 18 U.S.C. § 2252, was ordered to pay restitution to the victims, and, because of the crime, the plaintiffs suffered personal injuries. This is enough to state a claim for relief.

To the extent that Mr. Reetz disputes the facts underlying his criminal conviction, he is estopped from doing so. *See* 18 U.S.C. § 3664(l) ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding … brought by the victim."); *see also Dole v. Joshi*, No. 4:22-cv-00712-SRC, 2023 WL 3975113, at *

No. 23-cv-474

4 (E.D. Mo. June 13, 2023). The plaintiffs brought this suit after receiving compensation as victims under the restitution order in Mr. Reetz's criminal case. Mr. Reetz cannot deny the essential allegations of the offense to which he pleaded guilty. Accordingly, Mr. Reetz's motion to dismiss is denied.

DATED this 3d day of February 2025.

*[signature]*

JOHN D. RUSSELL
*United States District Judge*