UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) "SARAH",    (2) "HENLEY",<br>(3) "JANE DOE" as conservator for "SAVANNAH"<br>a protected person, and for "SKYLAR" a minor,<br>(4) "JOHN DOE" as conservator for "SALLY",<br>(5) "MAUREEN", (6) "PIA", and (7) "MYA",<br><br>                    Plaintiffs,<br>   v.<br><br>(1) JEFFREY RAHN REETZ,<br><br>                    Defendant. | Case No. 4:23-cv-00474-JDR-SH |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S FILING OF APRIL 14, 2025.

**COME NOW** the Plaintiffs, by and through their attorneys of record, and for their Response to the document filed herein by the Defendant on April 14, 2025, do hereby state and allege as follows:

Plaintiffs are unsure as to how to interpret the three or four apparent Motions which Defendant has filed within a single document on April 14, 2025. Plaintiffs' Opposition therefore attempts to discern the essence of Defendant's request of the Court and respond accordingly.

**Defendant's Answer to the Court Order Denial of Defendant's Motion to Dismiss.**

Defendant appears to take issue with this Court's Order of February 3, 2025 denying his Motion to Dismiss. If the court interprets this as a Rule 59(e) motion to amend a judgment, then

PLAINTIFFS' RESPONSE TO
DEFENDANT'S FILING OF APRIL 14. 2025 - 1

such a motion is untimely as the Order denying Defendant's motion to dismiss was entered more than 28 days before this motion was filed. If the court interprets this as a Rule 60(b) motion to vacate a final order, then such a motion is not brought on proper grounds.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, the Federal Rules permit a party to move to: (1) alter or amend a judgment within 28 days pursuant to Rule 59(e) or (2) vacate a final order pursuant to Rule 60(b) within a reasonable time (but no longer than a year after the order has been entered). *Id.*

A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012, 2009 U.S. Dist. LEXIS 60752, at *5-*7 (10th Cir. 2000). None of these grounds are present, nor even alleged, in the immediate case.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Defendant fails to assert in his motion any of the above six reasons; he simply states, "I never knew, saw, interacted with, or viewed any images of the plaintiffs, so how have I caused

them any suffering or personal harm or injury." (ECF No. 49, pg. 3). The contents of this "motion" are merely restatements of his original Motion to Dismiss from January 30, 2024; there is no new substance to his argument for dismissal. He, on the one hand, denies that he is at fault for possessing child pornography, and on the other hand acknowledges possession of the contraband. Defendant "stipulates" (page 2 ". . .I in fact am stipulating that [child pornography] was indeed present [on my hard drive."] that he possessed a computer hard drive on which child pornography was found by law enforcement. Yet he appears to argue that it was not his fault and therefore this fact should not be considered as a fact in the instant matter. Where a party has only reiterated arguments made in their motion, the request to reconsider should be denied. *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

### Defendant's Motion to Disallow Evidence of Prior Criminal Record Should Be Denied.

Principles of judicial estoppel prevent a litigant from taking opposing positions in different matters on the same issue. Defendant cannot plead guilty to possession of child pornography in the criminal matter in order to obtain the advantage of a proffered plea bargain, and then, take the opposite position and deny the gravamen of that position in this civil matter. The doctrine of judicial estoppel protects the integrity of the judicial process by preventing parties from changing their positions based on the exigencies of the moment. *Eastman v. Union Pac. R.R.*, 493 F.3d 1151, 1156 (10th Cir. 2007), quoting *New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Defendant cannot have his cake and eat it too.

Further, 18 USC 3664(l) has codified this principle

> A conviction of a defendant for an offense involving the act giving rise to an order of restitution, shall estop the defendant from denying the essential

PLAINTIFFS' RESPONSE TO
DEFENDANT'S FILING OF APRIL 14. 2025 - 3

allegations of that offense in any subsequent Federal civil proceeding . . . brought by the victim.

*See also Dole v. Joshi,* No. 4:22-cv-00712-SRC, 2023 WL 3975113, at *4 (E.D. Mo. June 13, 2023).

Defendant's motion herein is without authority and plainly contrary to 18 USC 3664(l). Defendant's conviction is a fact. It is a fact which is an element of the Plaintiffs' claims before the court. Plaintiffs' must prove under 18 USC 2255 that Defendant violated one of the precatory criminal statutes. His conviction is a simple and efficient method of proof. To deny the conviction is to deny the truth of the matter.

### Defendant' Motion to Object to Plaintiffs' Protective Order Should Be Denied.

This motion appears to be another untimely motion to reconsider. Magistrate Judge Huntsman's Order of March 7, 2024 was entered over a year ago. Defendant's denial of notice of the pendency of the Plaintiffs' Motion for Protective Order strains credulity. Defendant was personally served with the motion by the Tulsa County Sheriff's Office. Service occurred on March 19, 2024, admittedly after the order complained of was entered. But this is explained as it took four attempts to effect service. (Dkt. No. 25).

Yet, despite personal service, not just service via the mail, Defendant has waited thirteen months to raise any issue about the order. He gives no adequate reason for modifying or vacating the order. He cites no authority. His motion should, therefore, be denied.

DATED this 5th day of May, 2025.

KOLLER TRIAL LAW
By: /s/ Laurie Koller
Laurie Koller (OK Bar No. 16857)

PLAINTIFFS' RESPONSE TO
DEFENDANT'S FILING OF APRIL 14. 2025 - 4

2504 E. 21ST Street, Suite B
Tulsa, Oklahoma 74114
Phone: (918) 216-9596
Email: laurie@kollertriallaw.com

CAROL L. HEPBURN, P.S.
By: /s/ Carol L. Hepburn
Carol L. Hepburn, *Pro Hac Vice*
PO Box 17718
Seattle, WA. 98127
Phone: (206) 957-7272
Email: carol@hepburnlaw.net

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that, on this the 30th day of May, 2024, the foregoing document was electronically filed with the Court's Electronic Filing System and will be served electronically on all registered attorneys of record. A hard copy of the foregoing document will also be served upon Defendant Jeffrey Rahn Reetz at the address indicated below:

PLAINTIFFS' RESPONSE TO
DEFENDANT'S FILING OF APRIL 14. 2025 - 5

Jeffrey Rahn Reetz, *pro se*
5618 S. 95th St. E. Avenue
Tulsa, OK 74126

/s/ Carol L. Hepburn
Carol L. Hepburn

PLAINTIFFS' RESPONSE TO
DEFENDANT'S FILING OF APRIL 14, 2025 - 6