# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cv-474-JDR-SH

SARAH, *et al.*,

*Plaintiffs*,

versus

JEFFREY RAHN REETZ,

*Defendant*.

## ORDER

Defendant Jeffrey Rahn Reetz, proceeding pro se,[1] filed a motion titled "Defendant's Answer to the Court Order Denial of Defendants Motion to Dismiss." Dkt. 49. Within the motion, Mr. Reetz also moves to "disallow evidence of prior criminal record" [*Id.* at 3] and "object to plaintiffs protective order"[2] [*Id.* at 4]. Mr. Reetz's motion is denied.

---

[1] Consistent with Supreme Court and Tenth Circuit precedent, the Court will construe Mr. Reetz's pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

[2] Magistrate Judge Susan Huntsman entered a protective order in the case on March 7, 2024. Dkt. 24. Mr. Reetz asserts that he was unable to lodge a timely objection because he only became aware of the order when the plaintiffs' attorney sent it to him. Dkt. 49 at 4. The plaintiffs respond that Mr. Reetz was served the order on March 19, 2024. Dkt. 50 at 4. But any objections to the protective order or discovery issues are not properly before the Court in this motion to reconsider. Mr. Reetz may file separate motions to address any discovery issues, but the Court declines to address them in this posture. Further, Mr. Reetz is advised that all future filings must comply with local rules and applicable federal rules. *See* Local Civil Rule 17-1(d); *see also Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Failure to comply can result in denial of requested relief. *See, e.g., Loudermilk v. Stillwater Milling Co.*, No. 07-cv-118-TCK-FHM, 2008 WL 11380139, at *4 (N.D. Okla. Oct. 9, 2008).

No. 23-cv-474

Although not formally recognized by the Federal rules of Civil Procedure, motions for reconsideration are generally construed under Rules 54(b), 59(e), or 60(b). *Mabrey Bancorporation, Inc. v. Everest Nat'l Ins. Co.*, No. 4:19-cv-00571-RJS-JFJ, 2023 WL 143942, at *1 (N.D. Okla. Jan. 10, 2023). The Court construes Mr. Reetz's motion as a motion to reconsider brought under Rule 60(b), which gives relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Mr. Reetz's motion does not satisfy Rule 60(b). Instead, Mr. Reetz simply rehashes his argument that he did not knowingly possess child pornography, a charge to which he pleaded guilty. As stated in the Court's previous order, Mr. Reetz is estopped from making this argument. Dkt. 44 at 2; 18 U.S.C. § 3664 (l). This statute likewise precludes Mr. Reetz's request to "disallow evidence of [his] prior criminal record." Dkt. 49 at 3. Thus, Mr. Reetz's motion to reconsider and disallow evidence is denied.

DATED this 8th day of May 2025.

JOHN D. RUSSELL
*United States District Judge*