IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH; HENLEY; JANE DOE as court appointed conservator for SKYLAR, a minor, and for SAVANNAH, a protected person; JOHN DOE as court appointed conservator for SALLY, a minor; MAUREEN; PIA; and MYA,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JEFFREY RAHN REETZ,<br><br>　　　　Defendant. | Case No. 23-cv-00474-JDR-SH |

## OPINION AND ORDER

Before the undersigned is the parties' joint motion to approve settlements for three of the plaintiffs who are minors or protected persons.[1] For the reasons explained below, the Court approves the requested settlement on behalf of Skylar, Savannah, and Sally.

## Background

Plaintiffs are persons who were allegedly sexually abused as children and whose abuse is depicted in images of child pornography.[2] (ECF No. 48 ¶ 20.) Plaintiffs have brought suit under 18 U.S.C. § 2255, which allows victims of certain child pornography

---

[1] The motion was referred to the undersigned by District Judge John D. Russell. (ECF No. 58.) In their settlement agreement, the parties consented to the undersigned "retaining jurisdiction for purposes of deciding the minor settlement approval." (ECF No. 57-6 at 3.) The undersigned, therefore, is issuing an opinion and order on consent, rather than a report and recommendation. If any party asserts the undersigned's exercise of jurisdiction is in error, they may treat this order as an R&R to which they must file an objection within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2). Failure to make a timely, specific objection waives appellate review of both factual and legal questions. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[2] The Court previously granted Plaintiffs' motion to proceed under pseudonyms (ECF No. 21), and this Order uses those pseudonyms.

offenses to recover damages in a civil action. Plaintiffs allege that Defendant Jeffrey Rahn Reetz pled guilty to knowingly possessing or accessing with intent to view child pornography where Plaintiffs were the victims. (ECF No. 48 ¶¶ 31–33.) In the complaint, each Plaintiff seeks $150,000 in liquidated damages, as well as costs, fees, and interest. (*Id.* ¶¶ 34–35.) *See* 18 U.S.C. § 2255(a) (allowing victims to recover actual or liquidated damages).

The amended complaint alleges that Savannah is now an adult who is subject to a court-supervised conservatorship whose conservator is Jane Doe (ECF No. 48 ¶¶ 6–7); that Skylar is a minor subject to a court-supervised conservatorship whose conservator is also Jane Doe (*id.* ¶¶ 6, 9); and that Sally is a minor subject to a court-supervised conservatorship whose conservator is John Doe (*id.* ¶¶ 11–12). All three victims allegedly reside outside the State of Oklahoma. (*Id.* ¶¶ 7, 9, 12.)

On July 2, 2025, Plaintiffs Jane Doe and John Doe, joined by Defendant, filed a motion to approve the proposed settlement of Savannah, Skylar, and Sally's claims.[3] (ECF No. 55.) Moving Plaintiffs ask the Court to approve the settlement as to the three victims, authorize execution of the settlement agreement, and approve the proposed attorney fees and reimbursement of costs. The motion does not ask that the terms of the parties' settlement remain confidential.[4] However, in their declarations, Jane Doe and John Doe

---

[3] An unredacted copy of the motion and attachments were filed under seal. (ECF No. 57.)

[4] In an earlier filing, Plaintiffs argued that they all agreed to the confidentiality of the settlement agreement—a confidentiality that will be lost as to all of them if discussed in the necessary court process of approving the settlement as to the three minor/protected plaintiffs. (ECF No. 52 at 3–4.) Plaintiffs also asserted that "[c]hatter on the internet has included comments about funds received by victims through court proceedings." (*Id.* at 2.) This filing was stricken for failure to comply with court rules. (ECF No. 53.) Plaintiffs later requested, without additional elaboration, the ability to redact portions of their motion and attachments, which was granted. (ECF Nos. 54, 56.)

"ask that the court keep out of the public record what the amount of the settlement is" for fears "about those who would take advantage of [the victims] knowing anything about their finances," citing their knowledge "that some victims in their position are stalked." (ECF No. 55-1 ¶ 4; 55-2 ¶ 4.)

## Factual Findings and Analysis

### I.  Standard of Review

Federal courts have a "general duty . . . to protect the interests of infants and incompetents in cases before the court." *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (noting Fed. R. Civ. P. 17(c) flows from this duty). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In *Robidoux*, the Ninth Circuit stated this review is limited to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. If it is, the district court should approve the settlement.[5] *Id.* at 1182. The moving parties have provided multiple affidavits in support of the motion

---

[5] Some courts have borrowed from state substantive law when approving a minor's settlement in a federal-question case. *See, e.g., R.C. ex rel. Culver v. Indep. Sch. Dist. No. 2*, No. 23-cv-478-JFJ, 2024 WL 4815151, at *2 (N.D. Okla. Nov. 18, 2024) (borrowing Oklahoma law where Oklahoma was the location of the alleged civil rights violation and the minor's state of residence). Here, the only connection to Oklahoma is that Defendant committed the offenses here. The moving plaintiffs' states of residence are outside Oklahoma (ECF No. 48 ¶¶ 7, 9, 12), and it appears the courts appointing their conservators are similarly outside this state (*see* ECF No. 55-1 ¶ 1; ECF No. 55-2 ¶ 1). In any event, the settlement in this case exceeds the requirements of Oklahoma law. *See* Okla. Stat. tit. 12, § 83.

to approve, and the Court finds that an evidentiary hearing is unwarranted in this case, particularly given the lack of any factual dispute, the privacy interests at stake, the amount of consideration involved, and the need to avoid additional wasting of the settlement pool through increased expenses. *Cf. Jones, Waldo, Holbrook & McDonough v. Wyoming Alaska Co. (In re Wyo. Alaska Co.)*, 302 B.R. 113 (table), 2003 WL 22535223, at * 5 (B.A.P. 10th Cir. 2003) (finding evidentiary hearing for approval of third-party settlement in bankruptcy context required where parties differed on their version of the facts and presumed consequences).

## II. Factual Findings

Defendant Jeffrey Reetz pled guilty to possession of child pornography on April 9, 2021. (Case No. 20-cr-31-GKF, ECF Nos. 59–62.[6]) The judgment in that case included an order to pay restitution to alleged victims that included the names of Skylar, Savannah, and Sally. (*Id.* ECF No. 85 at 6.)

Skylar and Savannah are protected persons for whom Jane Doe has been appointed as co-conservator. (ECF No. 55-1 ¶ 1.) Carol L. Hepburn ("Hepburn") has served as counsel for Skylar and Savannah since 2015 in connection with their rights as victims of child pornography crimes. (*Id.* ¶ 2.) Hepburn and Jane Doe have discussed the claims, processes, and issues involved in this case. (*Id.* ¶¶ 2–3.) This includes a discussion of potential issues in collecting any judgment. (*Id.* ¶ 3.) Jane Doe has reviewed the motion for approval, has had an opportunity to consult with Hepburn regarding any questions she has, and believes that the settlement is in the best interests of Skylar and

---

[6] The Court has taken judicial notice of the filings in Case No. 20-cr-31-GKF (N.D. Okla.). References to that case will specifically note the case number. All other references to "ECF No." refer to filings in the above-captioned civil action.

4

Savannah. (*Id.*) Jane Doe and her co-conservator have established blocked accounts for Skylar and Savannah; monies directed to the two as part of this settlement will be deposited into those accounts; and there are no withdrawals from those accounts without a court order. (*Id.* ¶ 5.)

Sally is similarly situated. She is a minor for whom John Doe has been appointed a co-conservator and who has been represented by Hepburn since 2015. (ECF No. 55-2 ¶¶ 1–2.) Hepburn and John Doe have discussed the claims and processes with proceeding to trial, and John Doe has similarly been advised of the issues involved in this case, including in collecting any judgment. (*Id.* ¶ 2.) John Doe has reviewed the motion for approval, has had an opportunity to ask any questions he has, and believes this settlement is in Sally's best interests. (*Id.*) Any funds will be deposited into Sally's blocked account from which no withdrawals can be made absent court order. (*Id.* ¶ 5.)

The parties have agreed to a global settlement of all Plaintiffs' claims against Defendant. Each Plaintiff, including the minor and protected persons, are sharing equally in the settlement proceeds and any deductions for those proceeds. (ECF No. 55-3 ¶ 10.[7]) Hepburn and co-counsel Deborah Bianco ("Bianco") have investigated Defendant's financial disclosures and divorce filings, reviewed filings in the related criminal case,[8] and

---

[7] While the Court generally cites the unsealed, redacted versions of the parties' filings, the Court has reviewed the sealed, unredacted versions found at ECF No. 57—including the specific dollar amounts at issue in this settlement. The factual findings and analysis in this order are based on that review.

[8] In the criminal case, Defendant was found financially eligible for the court-appointed counsel based on a financial affidavit (Case No. 20-cr-31-GKF, ECF No. 6), although he later retained counsel (*id.* ECF No. 17) and purportedly retained the services of an accountant and caretaker (*id.* ECF No. 36 at 4–5). Defendant was detained from his arrest on January 27, 2020, through his sentencing, on November 4, 2021, to 48 months imprisonment (*id.* ECF Nos. 10, 11, 85). At and after sentencing, the court ordered Defendant to pay $90,000 in mandatory restitution in monthly payments of $600 or 10% of net income, whichever is greater. (*Id.* ECF No. 85.) The court did not impose an

have conferred with Defendant's accountant. (*Id.* ¶ 11; ECF No. 55-4 ¶ 5.) Hepburn believes that Defendant spent substantial sums in his criminal defense and has limited financial resources, making the settlement reasonable and in Plaintiffs' best interests. (ECF No. 55-3 ¶ 11.)

Attorneys Hepburn, Bianco, and Laurie Koller have affirmed the hours they spent prosecuting this case, along with their normal hourly rates. (ECF No. 55-3 ¶¶ 12, 15; ECF No. 55-4 ¶ 4; ECF No. 55-5 ¶¶ 3–4.) The total fees incurred exceed the amounts the attorneys will recover under the agreed 1/3 contingency fee in this case. (ECF No. 55-3 ¶¶ 8–9, 18.) The attorneys have also detailed the costs they have advanced in this matter. (ECF No. 55-3 ¶ 17; ECF No. 55-4 ¶ 5; ECF No. 55-5 ¶ 5.) The Court has considered the total net amount to be recovered by the minor/protected persons following the deduction of the pro-rata fees and costs. (ECF No. 55-3 ¶ 18.)

### III.   Approval of Settlement

The Court finds that the settlement is fair and reasonable. The Court has considered the facts of the case; the minor and protected persons' specific claims; and the potential recovery in this case. The Court does not find recovery in similar cases to be particularly helpful in analyzing the fairness and reasonableness of the settlement. If the case went to trial, the statute allows for flat liquidated damages of $150,000 per victim (in addition to fees and costs). 18 U.S.C. § 2255(a). In a case with eight plaintiffs, such

---

additional fine. (*Id.*) In 2020, Defendant was stated to be 65 years old and suffering from various health issues. (*Id.* ECF No. 36 at 5.) In October 2023, the Government asserted Defendant still owed $85,240.57 in restitution in the criminal case (*id.* ECF No. 86 at 2), although it later reported that Defendant was in compliance with his restitution payment plan (*id.* ECF No. 92). In February 2024, Defendant asserted that, following his release from imprisonment in June 2023, he had been unable to obtain gainful employment (*id.* ECF No. 94); by February 2025, he reported that he worked as a delivery driver and that he was using his social security benefits to pay restitution (*id.* ECF No. 96).

damages quickly become prohibitive to most individuals, making the defendant's ability to pay much more pertinent to the reasonableness of any settlement. The Court finds moving Plaintiffs' counsel have adequately explained their investigation of Defendant's ability to pay and have supported Hepburn's conclusion that the settlement is reasonable and in the best interests of the minor and protected persons.

The Court approves the settlement, including the proposed distribution of costs and fees.

IT IS THEREFORE ORDERED that the *Joint Motion to Approve Settlements for Minor and Protected Persons* (ECF No. 55) is GRANTED.

IT IS FURTHER ORDERED that Jane Doe may execute the settlement agreement (ECF No. 57-6) on behalf of Skylar and Savannah, and John Doe may execute said settlement agreement on behalf of Sally. The pro-rata fees and costs, in the amounts set forth in ECF No. 55-3 ¶ 18 (unredacted at ECF No. 57-3 ¶ 18) shall be deducted from Skylar, Savannah, and Sally's gross distribution, after which the net amount set forth in ECF No. 55-3 ¶ 18 shall be paid to each of them. The funds payable to Skylar, Savannah, and Sally shall be placed in the previously established court-supervised accounts for their benefit, and their counsel shall file a declaration with the Court within 45 days of receipt of these funds verifying deposit of the funds in compliance with this order.

ORDERED this 24th day of July, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT